UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESCHELL ASHCROFT,

                Plaintiff,

                                                         **Hon. Hugh B. Scott**

                v.

                                                         07CV721

                                                           (CONSENT)

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES,                                                         **Order**
NEW YORK STATE OFFICE OF MENTAL HEALTH,

                Defendants.

        Before the Court is the Court's <u>sua sponte</u> consideration of consolidation of this action (hereinafter referred to as "<u>Ashcroft</u> No. 07CV721") with <u>Ashcroft v. New York State Department of Corrections</u>, No. 05CV488 (hereinafter "<u>Ashcroft</u> No. 05CV488"). On April 22, 2009, the parties consented to proceed before the undersigned as Magistrate Judge (<u>Ashcroft</u>, No. 07CV721, Docket No. 15), as the parties had consolidated in the earlier action (<u>Ashcroft</u>, No. 05CV488, Docket No. 16). Also pending in this case is defendants' joint motion to dismiss for failure to state a claim, based upon conclusory allegations (<u>Ashcroft</u>, No. 07CV721, Docket No. 9).

        As noted in <u>Ashcroft</u>, No. 05CV488 (Docket Nos. 81, 92), plaintiff in the present action essentially alleges the continuation of the claims alleged in the former action. Counsel was appointed for plaintiff in the <u>Ashcroft</u>, No. 05CV488 action (Docket Nos. 15, 19, 79), but denied without prejudice a similar request in this action (<u>Ashcroft</u>, No. 07CV721, Docket No. 13), although plaintiff assumed that counsel appointed in the first action would also serve him in this

action (id., Docket No. 12, Pl. response at 1). Appointed counsel in Ashcroft, No. 05CV488 expressed his willingness to represent plaintiff in Ashcroft, No. 07CV721 if plaintiff agreed to consolidation (Ashcroft, No. 05CV488, Docket No. 81). The Court inquired whether plaintiff would agree to consolidation of these two action, given that they then were pending before two different judges but had a common set of facts, claims and parties (id.), but plaintiff would not agree to consolidation (id., No. 05CV488, Docket No. 92).

Federal Rule of Civil Procedure 42(a) provides that "if actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay," Fed. R. Civ. P. 42(a)(1)-(3) (effective Dec. 1, 2007). "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration," 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 437 (Civil 2d ed. 1995). The Court has broad discretion in deciding whether to consolidate and the consent of the parties is not required by the rule, id. at 438-39, and the fact that the cases are at different stages of trial preparation does not automatically preclude consolidation, id. at 445. The Court may order consolidation on its own initiative, id. at 446.

In Ashcroft, No. 05CV488, plaintiff alleges five causes of action for violations of the Americans with Disabilities Act, the Rehabilitation Act in depriving plaintiff of certain accommodation devices while plaintiff was incarcerated in the special housing unit at Wende Correctional Facility ("Wende"), as well as alleging violations of his rights against cruel and unusual punishment, denial of procedural due process, and retaliation by certain individual

defendants (Ashcroft, No. 05CV488, Docket No. 37, Am. Compl.; see id., Docket No. 53, Order on motion to dismiss, at 3). Plaintiff is legally blind and requested, but was denied by defendants, visual aids and other accommodations while in special housing (see id., Docket No. 53, Order at 3). Following this early dispositive motion practice, the remaining claims are against defendant Department of Correctional Services ("DOCS") for plaintiff's first and second causes of action (under the Americans with Disabilities and Rehabilitation Acts), against certain individual defendants (who either failed to appear in that action or where plaintiff specified a claim as against others) (id., Docket No. 53, Order at 21 (claims remain against non-appearing defendants Ashby, Madison, and Zon), 18 (first cause of action remains against defendant Jeziorski), 19-20 (third cause of action remains as against defendants Jeziorski, Herdzik, Ashby, Bator, Overhoff, and Rynkewicz), 20 (fourth cause of action remains against defendant Duminuco)).

Meanwhile, the present action alleges that defendant agencies violated his Eighth and Fourteenth Amendment rights and his rights under the Americans with Disabilities Act and Rehabilitation Act by failing to provide a number of reasonable accommodations while he was housed in the Sensory Disability Units at Wende as well as two other facilities, Eastern and Sullivan Correctional Facilities (Ashcroft, No. 07CV721, Docket No. 1, Compl.; see id., Docket No. 6, Order at 1).

The common issues are whether plaintiff was deprived of reasonable accommodations while in Wende and the applicability of the Americans with Disabilities Act and the Rehabilitation Act in the special housing setting of a state prison. Although plaintiff has asserted a myriad of ancillary claims in both actions, they appear to stem from the underlying, central

issue of his allegedly being deprived of accommodations for his visual impairments. Consolidation will not cause confusion or prejudice in the management of the case; rather, the pending motion to dismiss as to the claims now to be consolidated into the first action (or any amendment plaintiff, aided by counsel, may seek to make to these claims) may refine these issues while not delaying progress in either case[1], cf. 9 Wright & Miller, § 2383, at 441-42.

But given that both cases are now before the undersigned and, over plaintiff's expected objection (cf. Ashcroft, No. 07CV721, Docket No. 92), the Court hereby **consolidates** Case No. 07CV721 into pending Case No. 05CV488.

IT IS HEREBY ORDERED that the consolidated case shall be captioned Ashcroft v. New York State Department of Correctional Services, et al., Case No. 05CV488. The Clerk of the Court is directed to change the caption of the former 07CV721 action to conform to the caption of this Order.

FURTHER, Christopher D. Thomas, Esq., counsel appointed in No. 05CV488 (Docket No. 79) shall continue as counsel for plaintiff in this consolidated action.

Defendants' pending motion to dismiss (Ashcroft, No. 07CV721, Docket No. 9) shall remain, but as a motion to dismiss the claims raised in that motion, not dismissal of the consolidated action. Given the consolidation, plaintiff (and his counsel's) time to respond to the motion (including any motion to amend these consolidated allegations) is extended to **May 29, 2009**, and any reply by defendants will be due **June 10, 2009**, and the motion will be deemed submitted without oral argument.

---

[1]The amended Scheduling Order in Ashcroft, No. 05CV488 has discovery conclude by June 1, 2009, dispositive motions by July 27, 2009, and pretrial statements by August 10, 2009, Docket No. 93. No Scheduling Order has been entered in Ashcroft, No. 07CV721.

As with previous Orders in both cases, attached is a large font version of the text of this Order which Chambers shall send to plaintiff.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 29, 2009

Attach.: 40 point font